# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **MARIA JOHNSON, et al.,** | * |
| Plaintiffs, | * |
| v. | * Case No.: RWT 10cv2591 |
| **UNITED STATES OF AMERICA, et al.,** | * |
| Defendants. | * |

## MEMORANDUM OPINION

Pending before the Court is Defendant United States of America's unopposed Motion to Dismiss the Individual Defendants (ECF No. 12). Because this is a case arising under the Federal Tort Claims Act, and the individual defendants were acting within the scope and course of their employment as federal employees, the Court will, by separate order, grant Defendant United States of America's motion.

On July 22, 2010, Plaintiffs filed a survival action and wrongful death claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, with the Health Care Alternative Dispute Resolution Office of Maryland. (*See* ECF No. 1.) The case was removed to Federal Court on September 20, 2010 and transferred to this Court on September 29, 2010. (ECF Nos. 1, 16.) Defendant United States of America filed the pending Motion to Dismiss the Individual Defendants on September 27, 2010. (ECF No. 12.)

In Federal Tort Claims Act actions, 28 U.S.C. § 2679(d)(2) provides that "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose," the action,

once removed to federal court, "shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant." Pursuant to 28 C.F.R. Section 15.3, the Attorney General has delegated to the United States Attorneys the authority to make such certifications. The Unites States Attorney assigned to this case, Rod Rosenstein, certified that Dr. Zizette Makary, Dr. James Pingpank, Dr. Carolyn Lacey, and Dr. Timothy Frankel were acting within the scope of employment at the time of the incident out of which Plaintiff's claim arose. (Def. Mot. Ex. A, ECF No. 12-2.) Therefore, pursuant to § 2679(d)(2), the United States shall be substituded as the party defendant.

The motion to dismiss the individual defendants shall be granted. Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may file a motion to dismiss a claim or claims asserted in a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court declared that a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," 550 U.S. 544, 570 (2007). In *Ashcroft v. Iqbal*, the Supreme Court clarified, "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." -- U.S. --, 129 S.Ct. 1937, 1949 (2009). Because the individuals defendants are no longer proper defendants, the claims against them are not plausible.

November 19, 2010

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE